ALEXANDER McKEEVER *v.* JOSEPH M. KEYES and another,

A rule having been taken on the surety in an attachment bond to show cause why he should not pay the amount of the judgment against his principal, the former, on the return day of the rule, demanded to see the bond, which, having been misplaced, could not be produced; and the parties separated, the rule not having been discharged, made absolute, or extended. Judgment having been afterwards rendered in favor of the plaintiff in the rule, without further notice to defendant, in an action by the latter to annul: *Held,* that a new rule should have been taken, and that the judgment must be annulled.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

*Benjamin,* for the plaintiff.

*Elmore* and *King,* for the appellants.

MARTIN, J. The defendants are appellants from a judgment action to annul a judgment, which they had obtained against the present plaintiff, as surety of one Shannon. The suit originated in a rule, which they took against the plaintiff in a suit of the present defendants against Shannon, to show cause, why

there should not be judgment against him as surety of the then defendant. The rule was returnable on the 12th of February, 1842. On the 5th of May, judgment by default was taken, and confirmed on the 10th, and signed on the 14th. On the 17th of December following, the Parish Court annulled the judgment. The testimony shows, that on the return day of the rule, the present plaintiff and his counsel came into court, and asked to see the bond on which judgment was intended to be taken; that the clerk, and his deputies, made search therefor, but could not find either the bond, or the record of the suit in which it was given; that the counsel of the plaintiffs in the rule, being informed of this circumstance, made an unsuccessful inquiry for the papers, and that the parties separated, it being understood, that the rule would not be acted upon, on that day; that several months after, the counsel for the plaintiffs in the rule, informed the defendant's counsel, that the papers had been found; and that it was intended to proceed with the rule, and was answered, that the latter did not consider himself as still engaged in the suit, and that his client ought to be notified. On this the counsel of the plaintiffs in the rule replied, that they looked upon that as useless, and that they would proceed to take judgment; when they were told, that if they did, and the defendant in the rule sought relief, his counsel would get it annulled. It is admitted that the service of the rule as shown by the Sheriff's return, is the only citation served on the appellee.

It appears to us, that the First Judge did not err. The defendant in the rule was not bound to answer until the bond, on which judgment was intended to be taken, was produced; and when, on the return day, an unsuccessful search was made for it, and the counsel of the parties separated without the rule being discharged, made absolute, or extended, the defendant therein was not bound to attend, until another day was given him. This not having been done for several months his, counsel might well consider himself as discharged, and require the adverse counsel to serve a new rule on his client.

*Judgment affirmed.*